OPINION OF THE COURT
Alfred H. Kleiman, J.
In this lengthy and complex litigation concerning cable television franchises for the Borough of Queens, this court granted partial summary judgment. Defendants moved for reargument and renewal as to the fifth and sixth "causes of action” upon which defendants’ motions for summary judgment were denied. As set forth in this court’s earlier opinion (131 Misc 2d 177 [1985]), this court found several triable issues of fact concerning the legality of certain cable television franchise awards. Plaintiff also cross-moved for renewal as to the third "cause of action” upon which defendants’ motion for summary judgment was granted.
I find that the preliminary showings necessary to maintain motions for both reargument and renewal were met by the moving parties. This court entertained oral argument as to these motions.
This court’s memorandum decision held, inter alia, that should a proposal submitted for Community Board review pursuant to the Uniform Land Use Review Procedure (ULURP) of the New York City Charter (§§ 366-a, 197-c) vary "materially and substantially” from the final franchise agreements entered into by the city, then the ULURP review was legally insufficient. Defendants now contend that this court overlooked or misinterpreted the legislative history and intent of ULURP. Specifically they argue that ULURP in fact was designed to allow the Board of Estimate to negotiate changes which would "materially and substantially” alter proposals submitted to the Community Boards under ULURP.
The Corporation Counsel cites by way of analogy several Federal court cases construing provisions of the Federal Administrative Procedure Act (5 USC § 553 et seq.) which require, inter alia, published notice either of rules proposed by Federal administrative agencies or a description of the subjects and issues involved. The act also provides for public hearings. The entire process provides "interested persons an opportunity to participate in the rule making” (5 USC § 553 [c]). The cases cited generally hold that rules promulgated *880 may vary significantly from the proposed rules published and subjected to public hearing if the published notice sufficiently alerted the public to the issues involved and allowed adequate public input into the rule-making process.
Any difference between the standard of review applied by this court, which asked whether any changes were "material and substantial”, and the standards utilized in the Federal cases cited by defendants is merely semantic, not substantial. Those cases variously ask whether the agency’s final conclusions are a "logical outgrowth of the hearing and related procedures” (South Term. Corp. v Environmental Protection Agency, 504 F2d 646, 659 [1st Cir 1974]); whether "the notice would fairly apprise interested persons of the subjects and issues the agency was considering” (American Transfer & Stor. Co. v Interstate Commerce Commn., 719 F2d 1283, 1303 [5th Cir 1983]); whether interested parties were "able to comment meaningfully upon the agency’s proposals” (Connecticut Light & Power Co. v Nuclear Regulatory Commn., 673 F2d 525, 530 [DC Cir 1982]); and, more significantly, whether "the practical impact of the final rules is very similar to what it would have been if the proposed rules had gone into effect” (supra, at p 533).
Although the analogy between the rule-making process under the Administrative Procedure Act and the process of franchise review under ULURP is not perfect, the above-quoted language is instructive to the case at bar. More precisely, I find that ULURP is designed to allow for public input, to allow those interested to galvanize support for, or opposition to, a given proposal — in short, to set a legislative process in motion through Community Board review of franchise proposals. Certainly ULURP does not invest Community Boards with legislative powers or set them up as "mini-Boards of Estimate”. A Community Board’s recommendations are of course not binding on anyone. But ULURP is meant to provide at least the opportunity for local, neighborhood input on certain decisions of import to those communities, and to allow at least for the exchange of ideas and information. In this fashion, ULURP seeks to strike a delicate balance between centralized and local power.
To the extent that franchise proposals submitted to the Community Boards do not sufficiently set forth the issues at stake and do not alert interested parties, the ULURP process fails. Final franchise contracts entered into by the city may, of course, incorporate material and substantial changes arising *881 from, or suggested during, that process. Yet, when the Board of Estimate or the Bureau of Franchises negotiates substantive contract provisions which fundamentally alter the proposed franchise and which were not at all subject to review by the Community Boards, then the public review provisions of ULURP become a nullity; the delicate balance improperly shifts toward centralized decision making.
Nothing has been submitted on these motions to warrant changing this court’s earlier opinion that should the differences alleged by plaintiff between the proposals here subjected to ULURP and the final contracts be proven at trial, the provisions of the New York City Charter were not fulfilled. For example, plaintiff alleges that the proposals submitted under ULURP did not condition cable service on "economic feasibility”. The final agreements appear to contain such a condition. Should this difference be proven, it could be said that Community Boards, especially in poorer neighborhoods in which cable service might be found less "economically feasible”, might have had a significant impact on the final terms of the franchise agreements, or their approval altogether, had they been aware that the city and the cable companies were intent upon such a: contingency.
I note that there appears to exist the possibility of what might be termed a conflict of interest in that the Corporation Counsel represents both the Board of Estimate and the Community Boards, two entities whose interests, at least so far as the extent of the Community Board’s jurisdiction is in issue, appear at odds in this litigation. While in theory the Community Boards are also represented by the plaintiff in this taxpayer’s action, in order to insure that the Community Boards are fully apprised of the issues involved I recommend that copies of all orders and notices of appeal be served upon the affected Community Boards and/or their borough-wide representative and the officers of the borough presidents so that they will have notice that the jurisdiction of the Community Boards is being challenged in this proceeding. This is all the more important in light of Corporation Counsel’s argument as to the lasting significance of this issue.
Accordingly, upon consideration of the motions for reargument and renewal, this court adhered to its original order of February 11, 1986.
[Portions of opinion omitted for purposes of publication.]